## 17799

Richard A. NANCE, Appellant, v. BLUE RIDGE INSURANCE
COMPANY, Respondent

(120 S. E. (2d) 516)

*Messrs. McGowan & McDonald,* of Florence, *for Appellant,*

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,*

June 14, 1961.

TAYLOR, Chief Justice.

This appeal from the Court of Common Pleas of Darlington County involves a suit for collision damages upon a family combination automobile policy of insurance. By agreement of both parties, the case was heard by the Honorable James M. Brailsford, Jr., at Chambers, who, by Order dated September 3, 1960, found that there was an effective cancellation of the policy sued upon and dismissed the suit with prejudice; and plaintiff appeals.

The policy of insurance was issued by defendant to plaintiff for one year commencing April 15, 1958, and is what is commonly called a "combination liability-collision" policy. On July 14, 1958, defendant canceled the policy in accordance with its terms by mailing to plaintiff at the address shown in the policy a Notice of Cancellation to be effective on July 24, 1958. Plaintiff at the time was serving in the armed forces of the United States and did not receive the Notice of Cancellation. Following cancellation, there was no return or tender of the unearned portion of the premium by defendant to plaintiff and no demand has been made therefor. On April 6, 1959, the plaintiff's automobile was involved in a collision and sustained damages. Plaintiff immediately notified defendant, and coverage was denied on the basis that the policy had been canceled.

The cancellation clause of the policy in question is almost identical to the cancellation clause in the recent case of *Moore v. Palmetto Bank et al.*, S. C., 120 S. E. (2d) 231, and in *McElmurray v. American Fidelity Fire Insurance Company*, 236 S. C. 195, 113 S. E. (2d) 528, 533. The cancellation clause in instant case appears as follows:

"15. Cancellation: This policy may be cancelled by the insured named in Item 1 of the declarations by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing.

"If such insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed *pro rata*. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective,—but payment or tender of unearned premium is not a condition of cancellation."

The latter part of the cancellation clause regarding computing and adjustment of the unearned premium is exactly the same as that in the *McElmurray case, supra,* and the *Moore case, supra.*

This Court held in the *McElmurray case* and the *Moore case* that cancellation by the Company was not made dependent upon refund or tender of the unearned portion of the premium, and a debtor-creditor relationship arose upon

cancellation for the return of the unearned premium. With reference to the cancellation clause in the *McElmurray case,* this Court stated:

"It is elementary, and needs no citation of authority, that the function of courts is to adjudge the enforcement of contracts as they are written and entered into by the parties, if not contrary to law or public policy; the court cannot make them for the parties. It is equally elementary that ambiguities in insurance contracts will be construed against the insurers because they prepare them. But here there is no ambiguity —no room for construction. The policy contract expressly negates necessity for return to the insured of the unearned premium in order to effect cancellation of the policy by the insurer. A debtor-creditor relationship arose upon cancellation, as has been said in many decisions of other courts. * * *"

Under our view, the principles of law laid down in the *McElmurray case, supra,* to the effect that where a policy of insurance contains this type cancellation clause, it is unnecessary that any payment or tender of the amount of the unearned premium be made, inasmuch as the policy contract expressly negates that requirement, and that a debtor-creditor relationship arises upon cancellation, must control in instant case. We, therefore, find that the policy of insurance issued by the defendant to the plaintiff in this case was duly canceled in accordance with its terms by the defendant, and that upon such cancellation, a debtor-creditor relationship arose between the parties in regard to the unearned premium and the failure of defendant to return the unearned portion of the premium does not operate to destroy the effectiveness of the cancellation of the policy.

We are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

OXNER, MOSS and LEWIS, JJ., concur.