18743

Stuard W. LEE and Katherine Lee, Appellants, v. MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Respondent

(158 S. E. (2d) 774)

*Messrs. Roy A. Powell* and *Melton Kligman,* of Colum-
bia, *for Appellants,*

*Donald V. Richardson, Esq., of Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Respondent,*

*Messrs. Roy A. Powell* and *Melton Kligman,* of Columbia, *for Appellants, in Reply,*

January 4, 1968.

Moss, Chief Justice.

On October 29, 1960, Michigan Millers Mutual Insurance Company, the respondent herein, issued and delivered to Stuard W. Lee, as the named insured, an automobile liability policy for a period from October 29, 1960, to October 29, 1961. The policy was to indemnify the insured and his wife as a member and resident of his household, as defined in the policy, and such did not contain an uninsured motorist endorsement.

Stuard W. Lee and Katherine Lee, the appellants herein, were injured in a collision with an automobile driven by an uninsured motorist. The appellants instituted an action against said uninsured motorist, notice thereof being given to the respondent, and judgments were recovered totaling $30,000.00, as damages, for injuries sustained by the appellants in the collision which occurred on March 27, 1961.

The appellants instituted the present action against the respondent contending that they are entitled to uninsured motorist coverage under the aforesaid liability insurance policy. The respondent demurred to the complaint on the ground that under Section 46-750.23-1, 1952 Code of Laws, uninsured motorist protection was not required in a liability policy of insurance issued or delivered prior to January 1, 1961. The demurrer interposed by the respondent was sustained by the lower court and this appeal followed.

The sole question to be decided is whether or not the policy of liability insurance issued to the appellants afforded uninsured motorist coverage when said policy was issued and delivered prior to January 1, 1961.

Section 46-750.23-1, which was applicable when this policy was issued, provides:

"Nor shall any such policy or contract be so issued or delivered after January 1, 1961 unless it contains an endorsement or provision undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46-750.23-1."

It appears that the liability policy with which we are here concerned was not issued or delivered after January 1, 1961, and there was no requirement that such policy contain an uninsured motorist endorsement. The statutory provision that no liability policy should be issued or delivered after January 1, 1961, unless it provided uninsured motorist protection is clear and the terms "issued" and "delivered" refer to the original issuance and delivery of the policy. Here, the specific act of issuance and delivery predated the legislative provision and cannot be construed to incorporate into such policy a requirement that was to be effective on policies issued or delivered after January 1, 1961. The statute did not purport to affect insurance contracts made and entered into prior to January 1, 1961. The insurance contract entered into between the appellants and the respondent on October 29, 1960, was a lawful and valid one and there was no legal requirement that it contain an uninsured motorist endorsement. It follows that there was no statutory uninsured motorist coverage afforded to the appellants.

Policies of liability insurance issued and delivered prior to the effective date of the statute requiring uninsured motorists coverage would not be affected by such legislation. A similar situation is found in the case of *Ball v. California State Auto Ass'n Inter-Insurance Bureau,* 201 Cal. App. (2d) 85, 20 Cal. Rptr. 31, and it was there held that the later legislation embraced only policies thereafter issued or delivered; and did not purport to affect existing insurance contracts.

The record reveals that on July 20, 1960, the South Carolina Insurance Commissioner issued an order as follows:

"It appearing that it will be to the best interest of the people of this State that all policies of motor vehicle liability insurance, on January 1, 1961, contain the uninsured motorist provision as set forth in Section 46-750.23-1 of the South Carolina Code of Laws, Now, Therefore, it is

Ordered, that every policy or contract of motor vehicle liability insurance shall be construed to contain the endorsement or provision as to uninsured motor vehicles as set forth in Section 46-750.23-1 of the South Carolina Code of Laws, effective January 1, 1961."

The appellants contend that the aforesaid order had the legal effect of incorporating in the policy of liability insurance here involved the uninsured motorist endorsement and, thereby, provided such coverage to them. The respondent contends that such order conflicts with the plain language of Section 46-750.23-1 of the Code and is tantamount to legislation by the Insurance Commissioner. The record shows that the order of the Insurance Commissioner was not filed with the Secretary of State as required by Section 1-11 of the Code, and the respondent contends that if the Insurance Commissioner had the authority to issue such an order it could not be effective because it had not been filed in the office of the Secretary of State as required by statute.

If it was the intent and purpose of the order of the Insurance Commissioner to hold that a policy of liability insurance issued and delivered prior to January 1, 1961, should be construed to contain the uninsured motorist endorsement, his order is invalid. To hold that liability policies issued prior to January 1, 1961, contain the uninsured motorist coverage, such would contravene the plain language of Section 46-750.23-1 of the Code. An order cannot be made by an administrative body which would materially alter or add to the law. *Banks v. Batesburg*

*Hauling Co.,* 202 S. C. 273, 24 S. E. (2d) 496. In the case of *Heyward v. S. C. Tax Commission,* 240 S. C. 347, 126 S. E. (2d) 15, we held that an administrative agency was invested with rule making power for the purpose of carrying out the legislative will expressed in statutory form, but it had no legal authority to enact new laws in the nature of regulations to satisfy its own theory as to the enforcement of laws of this State. It follows that the Insurance Commissioner was without legal authority to materially alter or add to Section 46-750.23-1 of the Code, by requiring liability insurance policies issued prior to January 1, 1961, to carry the uninsured motorist endorsement.

It is admitted that the order of the Insurance Commissioner was not filed in the office of the Secretary of State as required by Section 1-11 of the Code. It had to be so filed before it could be effective. It was so held in the case of *Toole v. Nationwide Mut. Ins. Co., D. C.,* 238 F. Supp. 125. Affirmed 353 F. (2d) 508. *Lake v. Mercer,* 216 S. C. 391, 58 S. E. (2d) 336.

It is our conclusion that the trial judge properly sustained the demurrer of the respondent to the appellants' complaint and the judgment of the lower court is,

Affirmed.

Lewis, Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.