18766

ALLIED CONCORD FINANCIAL CORPORATION, Respondent, v.
STERLING INSURANCE COMPANY, Appellant
(159 S. E. (2d) 919)

Messrs. *J. Wesley Drawdy,* of Columbia, and *E. Windell McCrackin,* of Myrtle Beach, *for Appellant,*

Messrs. *McCaskill & Thompson,* of Conway, *for Respondent,*

February 29, 1968.

BRAILSFORD, Justice.

This is an action on a fire insurance policy issued on May 31, 1963, by the defendant, Sterling Insurance Company, covering the dwelling of Curtis and Elma Moore. The premium was paid for the full three-year term of the coverage. Loss was payable to the plaintiff, Allied Concord Financial Corporation, as mortgagee. The insured dwelling was destroyed by fire on November 25, 1965, but the insurance company denied liability, and this action on the policy was brought by the mortgagee. The trial of the case resulted in a verdict for plaintiff by direction of the court, and the defendant has appealed.

The defense to the action rested squarely upon the allegation that the insurance policy was cancelled on August 26, 1964, by notice to the mortgagee and to the owners of the property; hence no contract of insurance existed when the loss occurred on November 25, 1965.

The insurance company undertook to prove that a notice of cancellation was duly mailed to plaintiff and to the owners of the dwelling, both of whom denied having received the same. It is conceded that no return of, or offer to return, the unearned premium was made prior to the loss, which occurred some fifteen months after the attempted cancellation.

An insurance company has no right to cancel an insurance policy except according to the terms of the contract. Until comparatively recent years, the usual cancellation provisions were construed as requiring a tender or return of the unearned portion of the premium as a condition precedent to cancellation. *Hamilton Ridge Lumber Corp. v. Boston Ins. Co.*, 133 S. C. 472, 131 S. E. 22; Annot., 16 A. L. R. (2d) 1200, supplementing Annot., 127 A. L. R. 1341. However, the parties may contract that cancellation by the means specified in the policy shall be effective before return of the unearned premium, and such can-

cellation clauses have come into common use. *Nance v. Blue Ridge Ins. Co.,* 238 S. C. 471, 120 S. E. (2d) 516; *Moore v. Palmetto Bank & Textile Ins. Co.,* 238 S. C. 341, 120 S. E. (2d) 231; *McElmurray v. American Fid. Fire Ins. Co.,* 236 S. C. 195, 113 S. E. (2d) 528. In the absence of mutual assent, strict compliance with the policy provision for cancellation by notice is essential. Otherwise, the insurance coverage is not terminated by such notice. 29 Am. Jur., Insurance Sec., 379 (1960).

Here the cancellation clause of the policy required that the "notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand." This statement was omitted from the notice relied upon by the defendant. Instead, the notice stated that "premium adjustment will be made as soon as practicable after cancellation becomes effective."

The notice was nugatory because of its failure in this respect to comply with the policy provision. "(T)he omission of a statement that the unearned premium will be refunded on demand is a fatal defect in a notice where the policy provides that a notice of cancellation shall contain such a statement." 29 Am. Jur., Insurance, Sec. 383 (1960), citing *Naify v. Pacific Indemnity Co.,* 11 Cal. (2d) 5, 76 P. (2d) 663, 115 A. L. R. 476. The quoted text is also fully supported by *Hamilton Ridge Lumber Corp. v. Boston Ins. Co., supra,* 133 S. C. 472, 131 S. E. 22.

It follows that the sole defense relied upon by the defendant was without merit. The plaintiff was entitled to a verdict by direction of the court. If any error was committed at the trial, the defendant suffered no prejudice.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.