Argued January 11, affirmed February 23, 1973

# NATIONWIDE LIFE INSURANCE CO., *Respondent, v.* NORTHWESTERN NATIONAL INSURANCE COMPANY, *Appellant.*

506 P2d 717

*Robert D. Rankin,* Portland, argued the cause for appellant. With him on the briefs were Cake, Jaureguy, Hardy, Buttler & McEwen and John R. Faust, Jr.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

McALLISTER, J.

This is an action at law tried by the court in which plaintiff Nationwide Life Insurance Co. recovered judgment against defendant Northwestern National Insurance Company for $5,982.80. Defendant appeals. We affirm.

In 1962 defendant Northwestern issued a group health insurance policy covering the employees of McCall Oil and Chemical Co. which continued in effect until October 1, 1968. While defendant's policy was in effect Frances Abrams, the wife of a McCall employe, became entitled to benefits under defendant's policy. Defendant paid benefits on account of Mrs. Abrams' illness from April 1968 to October 1, 1968.

On October 1, 1968, defendant's policy was replaced by a similar policy issued to McCall by plaintiff Nationwide.

Defendant's policy contained an extended coverage provision which required defendant to continue to pay benefits to dependents in the event of continued disability upon termination of the policy or takeover by another carrier. In spite of that provision, defendant refused to make any further payments to Frances

Abrams after October 1, 1968, even though on that date Mrs. Abrams was completely and totally disabled by multiple sclerosis and under the care and treatment of a physician.

Plaintiff's policy provided that, in the event of a takeover, responsibility for continuing disability cases remained with the prior carrier, in this case defendant Northwestern. Nevertheless, plaintiff paid Mrs. Abrams the losses incurred in medical expenses and treatment and care after October 1, 1968. In May 1970 the Abramses assigned all of their rights and interest against defendant to plaintiff.

■■ The sole issue in this case is whether the defendant's liability to continue to pay Mrs. Abrams benefits due her under the terms of its policy was abrogated on October 1, 1968, by a rule promulgated by the insurance commissioner purporting to shift the liability for continuing benefits in the event of a takeover to the succeeding carrier. We hold that the insurance commissioner had no such authority. The commissioner's rule-making power[1] does not include the power to set aside the terms of insurance policies when those terms are neither illegal nor contrary to any policy expressed in our insurance laws. See *Ore. Newspaper Pub. v. Peter-*

---

[1] At the time the rule was promulgated, ORS 736.510 (repealed OL 1967, ch 359, § 704) gave the commissioner the power to

"* * * issue such division rulings, instructions and orders as he may deem necessary to secure the enforcement of the provisions of the General Insurance Law, * * *."

Since 1967 the commissioner's rule-making power has been defined by ORS 731.244:

"* * * the commissioner may make reasonable rules necessary for or as an aid to the effectuation of the Insurance Code. No such rule shall extend, modify or conflict with the Insurance Code or the reasonable implications thereof."

*son,* 244 Or 116, 123-124, 415 P2d 21 (1966). See, also, *Lee v. Michigan Millers Mutual Insurance Co.,* 250 SC 462, 158 SE2d 774 (1968).

The judgment is affirmed.