20917

Thomas MIDDLETON and Jannie P. Middleton, for Respondents, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Peoples Agency, Inc., and Capitol Premium Plan, Inc., for Defendants, of whom United States Fidelity and Guaranty Company is, Appellant.

(253 S. E. (2d) 505)

*Levin & Sams,* Beaufort, *for appellant.*
*Darrell Thomas Johnson, Jr.,* Hardeeville, *for respondents.*

March 20, 1979.

LEWIS, Chief Justice.

This appeal is from an order granting summary judgment against appellant, United States Fidelity and Guaranty Company.

Respondents' residence, insured under a Homeowners policy issued to them by appellant, was extensively damaged by fire. Upon appellant's refusal to pay the loss, this action was instituted against appellant, also Peoples Agency, Inc., through which the policy was issued, and Capitol Premium Plan, Inc., with which respondents financed the payment of the premium, to recover both actual and punitive damages for breach of the insurance contract. Appellant admitted that (1) it issued the policy through its agent Peoples, (2) the premium was financed through Capitol, and (3) respondents sustained a fire loss; but alleged that it was not liable because the policy was cancelled prior to the fire loss. Respondents moved for summary judgment against defendants but it was granted only appellant for actual damages, from which it has prosecuted this appeal. Therefore, only the issues relating to appellant's liability for actual damages are involved.

The propriety of the summary judgment turns upon whether there was a genuine issue of fact as to the cancellation of the policy. It was stipulated that "at least some twenty-six (26) dollars of premium has not yet been accounted for by any type of refund to the plaintiffs [respondents]." The lower court held that the evidence conclusively showed there had been no effective cancellation of the policy. We agree and affirm.

The notice of cancellation, allegedly sent by appellant to respondents, provided that unearned premiums would be returned to respondents "in due course." This notice did not conform to the policy provisions which stated unearned premiums would be forwarded (1) with the cancellation notice of (2) on demand by the insured. The

failure of the cancellation notice to conform to the policy provisions in this respect rendered the alleged attempted cancellation ineffective. This conclusion is dictated by *Allied Concord Financial Corporation v. Sterling Insurance Company*, 251 S. C. 38, 159 S. E. (2d) 919 wherein the court stated:

"The notice was nugatory because of its failure in this respect to comply with the policy provision. '(T)he omission of a statement that the unearned premium will be refunded on demand is a fatal defect in a notice where the policy provides that a notice of cancellation shall contain such a statement.' 29 Am. Jur., Insurance, Sec 383 (1960), citing *Naify v. Pacific Indemnity Co.*, 11 Cal. (2d) 5, 76 P. (2d) 663, 115 A. L. R. 476. The quoted text is also fully supported by *Hamilton Ridge Lumber Corp. v. Bost Ins. Co., supra,* 133 S. C. 472, 131 S. E. 22."

Appellant contends, however, that its "Amendatory Cancellation and Non-Renewal Endorsement" provisions were substituted for the original cancellation provisions and should control. These amendatory provisions afford appellant no relief. As noted by the trial judge, the only effective modification of the cancellation agreement was to extend the notice time from five (5) to ten (10) days.

Since the alleged cancellation notice, assuming its validity otherwise, was fatally defective for failure to conform to the policy provisions, the trial judge properly granted summary judgment against appellant for actual damages. Other issues raised need not be considered.

The judgment is affirmed and the cause remanded for disposition of any remaining issues.

LITTLEJOHN, RHODES and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.