CHEROKEE INSURANCE COMPANY

*v.*

ROBERT HARDIN and JEANDELL HARDIN

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

Rehearing Denied June 7, 1957.

Ross & Ross, Savannah, CHARLES H. WARFIELD, Nashville, FARRIS, EVANS & EVANS, Nashville, of counsel, for petitioner.

W. W. LACKEY, Savannah, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Cherokee Insurance Company in 1954 insured the automobile of Robert Hardin and wife, Jeandell, against the damage which subsequently befell it in 1955. They gave notice of these damages to the Insurance Company. That Company replied that it had cancelled the policy effective June 11, 1954 by notice dated June 1, in accordance with that cancellation clause of the policy reading, in so far as here pertinent, as follows:

"The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

Proper disposition of the unearned portion of the premium by credit on the purchase money debt is shown, and not contradicted.

Mr. and Mrs. Hardin said they did not receive the notice and brought suit on the theory that it was never mailed. They necessarily concede the validity of the cancellation if the notice was mailed.

The jury, responding to an interrogatory, found that the notice of cancellation had not been mailed. Judgment for loss in accordance therewith was entered. The Trial Court's overruling of the motion for a new trial and its refusal to direct a verdict for the defendant was affirmed by the Court of Appeals.

This Court granted the Insurance Company's petition for *certiorari* because of grave doubt as to whether there was any material evidence to support the jury's finding that the notice of cancellation had not been mailed, or to support its rejection of evidence of such mailing.

There has been filed with the record, responsive to the fact insistences of Mr. and Mrs. Hardin, the opinion of this Court discussing at necessarily great length the evidence in the case. Each facet thereof was analyzed in detail for the purpose of determining whether such facet alone, or in association with all other bits of evidence, rises to the dignity of material evidence upon which could be reasonably rested the action of the jury in finding that the notice of cancellation was not mailed, and the judgment of the Circuit Judge and of the Court of Appeals that such verdict rests upon material evidence.

It is the thought of this Court that its aforesaid opinion, by reason of certain rules of law therein enunciated, should be included in its published decisions because the exact question has not heretofore been decided in this jurisdiction. Since, however, it would be an

entirely useless consumption of the time of the bench and bar were they required to read this voluminous discussion of the evidence, in order to read the law enunciated, it has been determined to file for publication only this summary of its opinion wherein will be stated only the ultimate facts considered by this Court to be uncontradicted, unimpeached and controlling, the law considered.

After receipt of claim of the Hardins following the wreck, there was found in, and taken from, the files of the Cherokee Insurance Company carbon copy of the notice, properly addressed, to Mr. and Mrs. Hardin of the cancellation of this policy. Attached thereto was the official receipt of the Post Office at Nashville acknowledging receipt by it for transmission to Mr. and Mrs. Hardin of mail which the uncontradicted proof shows to have been the original of the carbon copy notice in the files of the Cherokee Insurance Company, where an endorsement on the back thereof showed it had been since shortly after date of the notice.

An average of twenty notices of this character or having to do with some phase of this insurance business are mailed out each day. These notices are placed by the insurance clerk who prepares them in the outgoing desk mail basket. They are picked up in due course by the porter who carries them to the Post Office for delivery. He procures the post office official acknowledgment of receipt of each letter for which a receipt is requested. He brings this receipt back to the desk of this insurance clerk, and it is by her attached to the copy notice which is then placed in the files of the Insurance Company.

Respondents say that the failure to procure as a witness the bank porter, whose duty it was to carry the mail to the post office, justifies a presumption upon the part of the jury that the testimony of that porter would have been unfavorable to the Insurance Company. Paradoxically, it is correctly conceded by respondents that in all probability the porter would not recall taking this letter to the Post Office.

It is not indispensable that there be presented as a witness the person who was accustomed to take the mail to the post office. It is only required that there be evidence that it was taken there. In this case that evidence is supplied by the fact that attached to the copy of the notice found in the files of Cherokee is the post office official acknowledgement of receipt. The routine followed has been clearly described by the insurance clerk, and is not in dispute. Particularly applicable is the rule stated in the Arizona case of *Consolidated Motors v. Skousen,* 56 Ariz. 481, 109 P.2d. 41, 43, 132 A.L.R. 1040, 1044, as follows:

"It is the general rule in matters of this kind, where it is the custom of a business office to follow the regular routine, that where it is affirmatively established that part of the routine was followed it is presumed, in the absence of some evidence to the contrary, that the rest was also followed. (Citing cases) We think this is particularly applicable to matters such as the mailing of routine letters in an office where a very large number of such letters are customarily mailed in the due course of its business, and that proof of the custom and the fact that a carbon copy was found without the original in the place and under the circumstances

where it would have been found, if the original had been mailed, is sufficient, in the absence of evidence to the contrary, to support a finding that the original had been properly mailed."

The only evidence in the record to support the jury's finding that the cancellation notice was not mailed is the denial of receipt thereof by Mr. and Mrs. Hardin. Is that denial material evidence here that the notice was not mailed?

No cases from this jurisdiction have been found. The text of 31 C.J.S. pages 786-787, under Evidence sec. 136, with reference to positive denial of receipt of a letter alleged to have been mailed is this:

"And it has been held that such denial or other proof of non-receipt, raises a presumption that the letter was never mailed."

In support of that statement decisions from several States are cited, and may be found, in the foot notes, and in the Pocket Part of this text.

As this Court interprets each of those cases, the evidence of mailing was no more than the testimony of the purported sender that the letter in controversy was mailed. There is a presumption, some cases hold, that if the letter had been placed in the mail, as asserted by the sender, it would have been delivered. Therefore, a jury is called upon, say these cases, to determine whether it shall accept the sender's testimony that he did mail the letter, or, on the other hand, the presumption that it would have been received by the addressee had it been mailed, assuming the jury believes the testimony of the addressee that he did not receive it.

But in the case at bar the question is whether the denial of receipt may be regarded as evidence that the letter was not mailed, there being in the evidence the official acknowledgment of the Post Office that it was received for mailing, in addition to other uncontradicted evidence, oral and documentary. This Court has been able to find only two cases dealing with that situation.

One of those is *Farmers Insurance Exchange v. Taylor,* 193 F.2d 756. That case arose in Oklahoma and was decided by the 10th Circuit of United States Court of Appeals. There was an official acknowledgment by post office receipt of the letter in controversy. Nevertheless, the Court held that a question for jury decision was made by reason of the addressee's denial of receipt of the letter. The Court stated such to be the law of Oklahoma; hence, its conclusion.

The other case is *Wright v. Grain Dealers Nat. Mutual Fire Insurance Company,* 186 F.2d 956, 958. This case arose in Virginia. It was decided by the United States Court of Appeals for the 4th Circuit. The cancellation clause in the insurance policy was the same as in the case at bar. The addressee defended on the ground that he had not received the letter giving notice of cancellation. The postal acknowledgment of receipt of letter was on the same form as in this case. The Trial Judge set aside the verdict of the jury finding that the letter had not been mailed, and, in directing a verdict for the defendant, Insurance Company, said this:

"There is no denial that such notice was mailed and the oral testimony showing such mailing is corroborated by the Post Office receipt. While the plaintiff

contends that the lack of evidence of receipt of the notice raises a presumption that it was not mailed, it is my view that under the terms of the policy contract failure to receive the notice has no bearing on the case since it was specifically agreed that the mailing should constitute proof of notice. To hold otherwise would, in effect, be undertaking to change the terms of the contract to provide that a notice must be received rather than mailed.''

The Circuit Court of Appeals, concurring in the above quoted conclusion of the Trial Judge, discussed at great length the insistences made by the addressee of that notice. They are the same as those made here. It ruled as follows:

"And that when the determining factor is mailing rather than receipt of notice, such undisputed and convincing evidence of mailing as is found in this case is not rebutted merely by evidence that the notice was not actually received. * * *''

It can be said with fair accuracy that this Federal Circuit Court of Appeals case is, as to practically every phase thereof, an "identical twin" of the case at bar. Its logic cannot, in this Court's opinion, be convincingly challenged. To say that by reason of a presumption that the Post Office performs its official duty, therefore, that the testimony of the addressees that they did not receive this letter creates a permissible inference that the letter was never mailed in spite of the unimpeached, uncontradicted, written, official acknowledgment of the Post Office that it received this letter for transmission by mail to

the addressees is, in the opinion of this Court, to assert that which is thoroughly unconvincing and unsound.

The judgment of the Court of Appeals and of the Trial Court will be reversed, and the motion of the Insurance Company for a directed verdict sustained.