**ALLIED AMERICAN MUTUAL FIRE IN-
SURANCE CO., Appellant,**

v.

**Grace L. PAIGE and Ralph Paige,
Appellees.**

No. 2161.

Municipal Court of Appeals for the
District of Columbia.

Argued April 21, 1958.

Decided July 11, 1958.

Eugene B. Paulisch, Washington, D. C.,
for appellant.

James T. Reilly, Washington, D. C., for
appellees.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellees purchased a policy of automo-
bile liability insurance from appellant in
February 1957. The policy contained the
following provision with respect to can-
cellation:

" * * * This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. * * * "

On May 14, 1957, appellees were involved in a collision with a third party. As a result, they were obliged to pay for the other person's damages. Appellant refused to reimburse them, whereupon they brought this suit. The defense was that the policy had been canceled as of May 9, 1957. The trial judge, sitting without a jury, rendered judgment for appellees, from which this appeal is taken.

The only question before us is whether the policy was effectively canceled. Appellant contended that on April 26, 1957, it mailed to appellees a notice to the effect that it was canceling the policy as of May 9, 1957. Appellees denied receiving such a notice, and the trial judge found that they did not receive it. Appellant argues that according to the terms of the policy, cancellation was accomplished by simply depositing the notice in the mail, and that actual receipt by the policyholder was unnecessary. It is true that several courts which have passed on the type of provision involved here have reached and enforced such an interpretation, at least where there has been no expression by the legislature on the subject.[1] However, appellees here have "conceded" the point, and in the view we take of the case it is unnecessary for us to decide the question. We shall, therefore, assume, without so holding, that appellant's position is well taken, i. e., that only mailing and not receipt of the notice was required to cancel the policy.

■ Appellees urge that appellant's proof was insufficient to establish its claim that it had in fact mailed the notice. Appellant alleged that the notice was sent from its office in Upper Darby, Pennsylvania, to appellees at their Washington address. The only testimony in its behalf was furnished by a Mr. Bittner, one of its local agents, who testified that he was familiar with the procedures and customs in both the Washington and Upper Darby offices. He stated that when a cancellation is decided upon, a letter is typed notifying the policyholder. The original is mailed to the insured, a copy is retained in the company's file, and a copy is sent to the agent who sold the policy. A carbon copy of the notice, supposedly sent to appellees, dated April 26, 1957, was received in evidence. This document bore the stamped notation, "Original of This Letter Enclosed, Sealed and Mailed by [illegible and unidentified] * * * Date 4/26/57." An original postal receipt, which indicated that on April 26 the post office received from appellant a piece of mail addressed to appellees at their Washington address, was admitted into evidence. Mr. Bittner identified both of these exhibits as records and documents kept by appellant in the usual course of its business.

■ Appellees contend that this general evidence as to the procedures followed in appellant's office was insufficient to show mailing without the actual testimony of the person or persons who allegedly complied with such usage.[2] We cannot agree. Proof that the custom was complied with was supplied by the various records, admissible under the Federal Shopbook Rule,[3] which recited the drawing up of the notice, enclosure in an envelope, and delivery to the

---

1. See the discussion in Farmers Ins. Exchange v. Taylor, 10 Cir., 1952, 193 F.2d 756, and Wright v. Grain Dealers Nat. Mut. Fire Ins. Co., 4 Cir., 1950, 186 F.2d 956; cases are collected in the annotation, 123 A.L.R. 1008; contra, see Donarski v. Lardy, 1958, 251 Minn. 358, 88 N.W.2d 7.

2. See 20 Am.Jur., Evidence, § 1194.

3. 28 U.S.C.A. § 1732 (Supp.1957).

post office. The fact that the declarations in the records were self-serving affected only their weight, not their admissibility. We rule, then, that appellant's evidence was sufficient to make out a prima facie case of mailing.[4]

It is argued that appellant's proof of mailing was not refuted merely by appellees' evidence of nonreceipt and consequently appellant should have been awarded judgment. We recognize that some of the cases which have held that mailing alone effected cancellation have also determined that proof of mailing is not rebutted by testimony that the notice was not received. Typical of this view is the following statement by the Fourth Circuit:

"* * * when the determining factor is mailing rather than receipt of notice, such undisputed and convincing evidence of mailing as is found in this case is not rebutted merely by evidence that the notice was not actually received. If this were not so, there would be little difference in practical effect between the two types of policy, and the uncertainty sought to be avoided in the form of contract before us would still prevail. * * *"[5]

Other courts, however, have rejected this approach. As Wigmore has pointed out,[6] the presumption of receipt by the addressee, which is created by proof that mail matter was properly stamped, addressed and delivered to the post office, is founded on the supposed uniform efficiency of the postal service; consequently if the mails are functioning properly, then a failure to receive a certain letter tends also to show that it was in fact never posted. We believe that this is the correct view and accordingly adopt it. Thus evidence of nonreceipt is sufficient to rebut a prima facie case of mailing and create a true issue of fact to be resolved by the trier of facts as to whether the claimed mailing did occur.[7]

In the instant case the trial judge found (1) that appellees did not receive the notice of cancellation; (2) that appellant delivered a piece of mail to the post office in Upper Darby, but he stated that he could not find that it contained the original cancellation notice. He concluded that appellant had not "effected a cancellation of the policy * * *." As we have shown, there was some evidence that the original notice was enclosed in the envelope mailed, although the postal receipt did not disclose the contents. On the other hand, there is appellees' testimony that they "received no notice of the cancellation * * *." Apparently appellant did not attempt to adduce any testimony as to whether appellees did receive either an empty envelope or one containing other material. Considering all the circumstances and in view of the lack of detail in the record before us, we cannot hold that the court's finding is clearly erroneous.

We reiterate that we express no opinion as to whether mailing alone is sufficient to effect cancellation of the policy. The decision of that question must await the case in which both mailing and nonreceipt are conclusively established.

Affirmed.

---

4. California has also so held on virtually the same evidence. Jensen v. Traders & General Insurance Company, 1956, 141 Cal.App.2d 162, 296 P.2d 434, 435–436.

5. Wright v. Grain Dealers Nat. Mut. Fire Ins. Co., supra, note 1, 186 F.2d at page 960.

6. 9 Wigmore on Evidence, § 2519(1) (B) (b).

7. See also, Jensen v. Traders & General Insurance Company, supra, note 4.