553 P.2d 672

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a corporation, Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF SANTA
CRUZ, Honorable Lloyd Fernandez, Judge
thereof by assignment pursuant to Rule 42
(f), Arizona Rules of Civil Procedure, Man-
uel M. Montoya and Jane Doe Montoya,
husband and wife, Carmen Y. Montoya,
Frank Montoya and Lucy Montoya, hus-
band and wife, Tony Jimenez and Brenda
Jimenez, husband and wife, Tony Jimenez,
Guardian ad Litem of Joseph Jimenez,
Tony Jimenez, Guardian ad Litem of Nor-
ma Jimenez, John Does I through X, Jane
Does I through X, real parties in interest,
Respondents.

No. 2 CA–CIV 2242.

Court of Appeals of Arizona,
Division 2.

Aug. 11, 1976.

Holesapple, Conner, Jones & Johnson by
William W. Edwards, Tucson, for petition-
er.

Solsberry & McDonald by John R. Per-
ry, Jr., Nogales, for real parties in interest
Manuel M. Montoya, Carmen Montoya and
Carmen Montoya Estrada.

E. Leigh Larson, Nogales, for real party
in interest Lucy Montoya.

## OPINION

KRUCKER, Judge.

█ Was an insurance policy effectively
cancelled when notice of cancellation had
been given as required by the insurance
policy provisions, although the insureds
had not received notice of cancellation?
Petitioner-insurer instituted a declaratory
judgment action seeking an affirmative an-
swer to this question and then moved for
summary judgment in its favor on the ba-
sis of supporting documents and affidavits.
Respondents opposed the motion supported
by an affidavit of the insured that the no-
tice of cancellation had not been received.
The respondents' position was that receipt
of the notice was a prerequisite to cancel-
lation. The motion for summary judgment
was denied and this ruling is the subject of
this special action.

█ We assume jurisdiction since appel-
late intervention via special action proce-
dure is appropriate under certain circum-
stances when summary judgment is erro-
neously denied. *Allison Steel Manufactur-
ing Co. v. Superior Court,* 22 Ariz.App. 76,
523 P.2d 803 (1974).

The insurance policy issued by petitioner to respondent Montoya provides for cancellation as follows:

"This policy may be cancelled by the company by mailing to the insured named in the declarations at the address shown in this policy, written notice stating when not less than thirty days thereafter such cancellation shall be effective: provided that

1. If the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, or

2. If this policy has been in effect less than sixty days at the time notice of cancellation is mailed and this is not a renewal policy, this policy may be cancelled by the company by mailing to such insured written notice stating when not less than ten days thereafter such cancellation shall be effective.

The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing."

Another condition entitled "Cancellation by Company Limited" also provides, in part:

"This policy may be cancelled by the company within sixty days of the effective date by mailing to the insured notice stating when not less than ten days thereafter such cancellation shall be effective. After the policy has been in effect for sixty days or more it shall not be terminated by cancellation except for nonpayment of premium unless the insurer mails or delivers to the named insured at the address shown in the policy, post office receipt secured, a notice in writing at least ten days prior to the effective date of cancellation of the intent of the insurer to cancel the insured's policy."

It is undisputed that non-payment of premium was the reason for cancellation, that the insurer mailed a notice in writing at least ten days prior to the effective date of cancellation to the address shown in the policy, and secured a post office receipt which established that the notice of cancellation had been mailed to the insured at such address in compliance with the time requirement of the policy.

The above-quoted policy provision is called the "Standard Cancellation Provision". A perusal of cases from other jurisdictions discloses an almost unanimity of view that mailing of the cancellation notice is sufficient and that receipt is not required. *Robbins v. Southern General Insurance Company*, 243 A.2d 686 (D.C.App. 1968); *Allstate Insurance Company v. Dougherty*, 197 So.2d 563 (Fla.App.1967); *Harang v. Sparacino*, 257 So.2d 785 (La. App.1972); *Jensen v. Traders & General Insurance Company*, 52 Cal.2d 786, 345 P. 2d 1 (1959); *Hartsfield v. Carolina Casualty Insurance Co.*, 411 P.2d 396 (Alas. 1966); Annot. 64 A.L.R.2d 982, Sec. 15 (1959).

Initially we would point out that the cases of *Farmers Insurance Group v. Merryweather*, 214 N.W.2d 184 (Iowa 1974) and *Gooden v. Camden Fire Insurance Association*, 11 Mich.App. 695, 162 N.W.2d 147 (1968), holding that actual receipt is required, are not apposite since they are concerned with interpretation of statutory language. Nor do we have a situation as in *Hartsfield v. Carolina Casualty Insurance Co.*, supra, wherein it was held that the denial of receipt of the notice of cancellation raised a genuine issue as to a material fact which precluded the granting of summary judgment. The court held that the denial of receipt rebuts a prima facie case of mailing and creates an issue of fact for resolution by the trier of fact. See also, *Allied American Mutual Fire Insurance Co. v. Paige*, 143 A.2d 508 (D.C.Mun.App.

1958); *Traders and General Insurance Company v. Mallitz,* 315 F.2d 171 (5th Cir. 1963). In those cases, however, the evidence of mailing came from the testimony of interested witnesses. Here, the motion for summary judgment is supported not only by the affidavit of petitioner's supervisor of outgoing mail, but also by the postal receipt. Under these circumstances, we are of the opinion that proof of non-arrival is not sufficient to raise an issue of fact. *Cherokee Insurance Company v. Hardin,* 202 Tenn. 110, 302 S.W.2d 817 (1957); *Wright v. Grain Dealers Nat. Mut. Fire Ins. Co.,* 186 F.2d 956 (4th Cir. 1950).

We approve the following statement in *Cherokee Insurance Company v. Hardin,* supra:

"To say that by reason of a presumption that the Post Office performs its official duty, therefore, the testimony of the addressees that they did not receive this letter creates a permissible inference that the letter was never mailed in spite of the unimpeached, uncontradicted, written, official acknowledgment of the Post Office that it received this letter for transmission by mail to the addressees is, in the opinion of this Court, to assert that which is thoroughly unconvincing and unsound." 302 S.W.2d at 820.

In holding that the standard cancellation clause does not require receipt of the notice of cancellation by the insured, we reject respondents' contention that such a construction is contrary to the clear public policy of this state. The weight of authority is contrary to respondents' position. See Hartsfield, supra; *Trinity Universal Ins. Co. v. Willrich,* 13 Wash.2d 263, 124 P.2d 950 (1942); *State Farm Mutual Automobile Insurance Co. v. Chaney,* 272 F.2d 20 (10th Cir. 1959); *Boyle v. Inter Insurance Exchange of Chicago Motor Club,* 335 Ill.App. 386, 82 N.E.2d 179 (1948). We decline to follow the decision in *Koehn v. Central National Ins. Co.,* 187 Kan. 192, 354 P.2d 352 (1960), relied upon by respondents. In fact, A.R.S. Sec. 20–1632 would appear to refute their position:

"A. A notice by the insurer to the policyholder of non-renewal, cancellation or reduction in the limits of liability or coverage shall be mailed to the named insured by certified mail or United States Post Office certificate of mailing at least ten days prior to the effective date of such non-renewal, cancellation or reduction in limits of liability or coverage. Such notice shall include . . ..
B. Failure of the insurer to comply with subsection A shall invalidate any cancellation, non-renewal or reduction in limits of liability or coverage, *except a cancellation or non-renewal for non-payment of premium.*" (Emphasis ours)

Thus we see that petitioner complied with the statutory mandate as to notice of cancellation and established conclusively that the insurance policy was cancelled prior to the accident as to which coverage was claimed. The insurance policy provision as to cancellation is clear and unambiguous—the parties thereto agreed that mailing of the notice of cancellation and not receipt of such notice by the insured would effect a cancellation of insurance coverage (for non-payment of premium). To require receipt of the notice, contrary to the terms of the policy, would place a burden upon the insurer for which it had received no premium. It is not difficult to envision, in view of the ever increasing mobility of present-day society, a situation where the insured pays the initial premium and because of his itinerant status, never receives notice of cancellation for non-payment of premiums. Insurance coverage could be gratuitously extended ad infinitum. Such ludicrous, unrealistic situations are avoided by the standard cancellation clause such as we have here.

There being no factual issue as to whether the notice of cancellation was mailed, petitioner's motion for summary

judgment should have been granted. The respondent court is directed to enter an appropriate judgment in favor of petitioner consistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.