[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carlo J. Buccino, commenced this action against Middlesex Mutual Assurance Co. (Middlesex) and an insurance agency known as Casolo, Friedman, Paspalis Co. (CFP). The action stems from a dog bite allegedly sustained by a visitor Carolyn Munrow, while on plaintiff's property on Buena Vista Drive in Stamford Connecticut. The alleged injury occurred on September 21, 1991, several months after plaintiff's homeowner's policy was cancelled for nonpayment. The policy at issue was sold by CFP and issued by Middlesex, which refused to cover the risk. Middlesex moved to strike counts two and three of the plaintiff's five count complaint. This motion was granted by Judge Nigro. In his memorandum of law in opposition to the agency's motion for summary judgment, plaintiff agreed to withdraw the claims based on CUIPA and CUTPA found in counts two and three. As the complaint now stands, only counts one, four and five remain against the defendants. CT Page 3893
The first count of the complaint seeks a declaratory-judgment on the legal relationship between the parties. Plaintiff claims that the denial of coverage was inappropriate and that the policy was in effect on the date of the injury. Plaintiff asks the court to determine whether, based upon the actions of the parties, the policy was in effect on the day of the alleged dog bite. Count four states that defendants failed to give proper notice of cancellation of the policy as required by General Statutes 38a-323. The fifth count states that defendants failed to give proper notice of cancellation of the policy as required under the policy itself.
Both CFP (#115) and Middlesex (#117) filed motions for summary judgment as to the three remaining counts of the complaint. "Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-781, 595 A.2d 334
(1991). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Id., 781. "To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. Such assertions are insufficient regardless of whether they are contained in a complaint or a brief." (Citations omitted.) Trotta v. Branford, 26 Conn. App. 407, 412, 601 A.2d 1036 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Connecticut Bank Trust, supra, 781.
In its memorandum of law, CFP claims that count four of plaintiff's complaint alleging a violation of General Statutes38a-323 is inapplicable to the case at bar. Section 38a-323
pertains to notice of nonrenewal but does not apply "in case of nonpayment of premium." The movant claims that plaintiff's policy falls within this exception. Further, CFP alleges that since it did not participate in the billing and/or payment of premiums process (the policy was a "direct bill" policy, it was not responsible for any notice which may have been required. CT Page 3894
Middlesex claims that there is no dispute that the policy was cancelled due to nonpayment. Middlesex concludes that count four must fail because General Statutes 38a-323, by its very terms, does not apply to cases where the policy has been cancelled due to nonpayment.
Plaintiff claims that the court should look to subsections (b) and (c) of 38a-323 and the legislative history of the statute, since case law is virtually nonexistent on the statute. Plaintiff claims that the statute, read as a whole, applies to the case at bar. Plaintiff alleges that defendants have failed to give the required notice under the statute, and therefore, have failed to meet their burden of proof with respect to their motions for summary judgment.
Section 38a-323 provides in pertinent part:
 (a) On or after October 1, 1986, no insurer shall refuse to renew any policy which is subject to the requirements of sections 38a-663 to 38a-697, inclusive, unless such insurer or its agent shall send, by registered or certified mail or by mail evidenced by a certificate of mailing, or deliver to the named insured, at the address shown in the policy, at least sixty days' advance notice of its intention not to renew. The notice of intent not to renew shall state or be accompanied by a statement specifying the reason for such nonrenewal. This section shall not apply: (1) In case of nonpayment of premium. . . .
General Statutes 38a-323. (Emphasis added.)
"When the language of the statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. (Citations omitted.) O G Industries v. New Milford, 29 Conn. App. 783, 785,617 A.2d 938 (1992). The language of 38a-323 is plain and unambiguous. Although subsection (b) deals with the requirements of "premium billing notice" and does not contain the exclusion contained in subsection (a) above, such exclusion must be read as pertaining to 38a-323 in its entirety. If the legislature intended for the exclusion to apply only to subsection (a), it would have used language to that effect. Plaintiff cannot rely on defendants' alleged failure to provide "premium billing notice" as a violation of 38a-323 because the policy was cancelled for CT Page 3895 nonpayment of premium. Therefore, summary judgment is granted in favor of defendants with respect to count four of plaintiff's revised complaint.
CFP claims that the fifth count does not set forth any facts which would demonstrate a duty on its part to provide notice of cancellation pursuant to the policy. CFP claims that the cancellation provisions contained in the policy apply to the insured and the insurer in the event of cancellation, and that the policy is silent with respect to any duty owed by an agency such as CFP upon cancellation by the insured or the insurer. CFP claims that the policy makes Middlesex responsible for notice. In addition, the movant claims that Middlesex complied with the notice provisions contained in the policy. Middlesex alleges that notice was given in accordance with the policy provisions regarding cancellation and, therefore, it is entitled to judgment as a matter of law.
Plaintiff alleges that notice was not given by the defendants in the manner required under the policy. Plaintiff claims that the policy required that he be given actual notice. Further, plaintiff claims the notice that was given was not timely. While plaintiff claims that CFP as well as Middlesex were responsible for providing the notice called for in the policy, CFP claims that plaintiff has failed to cite any authority to demonstrate that an agency such as CFP is under an obligation to notify plaintiff of cancellation under a "direct bill" policy.
The policy contains the following provisions:
 We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations by registered mail, certified mail or United States Post Office certificate of mailing.
 (1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.
"`It . . . is always competent for parties to contract as to how notice shall be given, unless their contract is in conflict with law or public policy. When they do so contract, the giving of a CT Page 3896 notice by the method contracted for is sufficient whether it results in actual notice or not.'" Stratton v. Abington Mutual Fire Ins. Co., 9 Conn. App. 557, 562, 520 A.2d 617, cert. denied,203 Conn. 807, 525 A.2d 522 (1987). While the policy at issue in Stratton contained an added provision that the mailing of notice would be sufficient proof of notice, the case stands for the proposition that if the parties spell out the method by which notice may be affected, compliance with such method is sufficient proof of notice regardless of actual receipt of the insured. "Many jurisdictions do not require actual receipt of the notice by the insured, as proper mailing by the insurer in accordance with the policy . . . will suffice." (Citations omitted.) 17 Couch on Insurance 2d 67:189 (1983).
"The plaintiff cites no Connecticut judicial or statutory authority which recognizes an insurer's duty to make further efforts to serve notice of cancellation beyond those expressed in the insurance contract." Stratton, supra, 562.
The policy in the present case contains a provision stipulating to the methods by which written notice could be provided to the insured in case of cancellation. Since the parties contracted for the manner in which notice could be effected, and notice was given in such a manner, the mailing of notice within the prescribed period is sufficient proof of notice regardless of whether the insured received actual notice.
Defendant CFP has included the affidavit of Leslie Cook, Group Leader of the Mail Room for Middlesex. In addition to the sworn testimony of Ms. Cook regarding the procedure by which final cancellation notices are prepared and delivered to the post office for mailing, this defendant has included a copy of the United States Post Office certification of final notices. The post office certification contains the names and addresses of plaintiff and plaintiff's mortgagees. The evidence submitted by the agency states that mailing occurred on February 19, 1991.
Plaintiff has filed an affidavit in which he swears he never received notice that his policy was cancelled until September 23, 1991. As noted earlier, the issue of whether plaintiff-received notice of the effective date of cancellation within the prescribed time period is irrelevant as the policy only requires that such notice be mailed within that time period. While the argument can be made that a sworn statement alleging failure to receive notice may raise an issue as to whether such notice had in fact been CT Page 3897 mailed at all, the statement contained in plaintiff's affidavit is self-serving at best in light of the post office certification. See Government Employees Ins. Co. v. Superior Court, 553 P.2d 672,27 Ariz. App. 219 (1976) (denial of receipt of notice is not sufficient to raise an issue of fact where motion for summary judgment is supported by an affidavit of mail room supervisor as well as a copy of the postal receipt).
The final notice sent by Middlesex to plaintiff stated that plaintiff had failed to pay the premium due on February 15, 1991, and that he had until 12:01 a.m. on March 6, 1991 to pay the premium or else the policy would be cancelled for nonpayment. Payment was not made by the March date and the policy was "cancelled flat" as of February 15, 1991. This "retroactive" cancellation does not alter the fact that the notice given on the nineteenth of February was more than ten days from the effective date of cancellation — March 6, 1991. Based on the foregoing, Middlesex complied fully with the notice provision contained the policy. Therefore, summary judgment is granted in favor of both defendants with respect to count five of plaintiff's revised complaint. Defendants claim that there are no issues to substantiate a declaratory judgment as requested in count one. They claim that since counts four and five must fail as a matter of law, count one is rendered moot and must also fail. Plaintiff asserts that counts four and five are viable. Plaintiff claims that there is a substantial question as to the relationship of the parties and the duties owed under the facts of the case.
"The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Assoc. of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). The defendants have met their burden to show that the policy was not in effect on the date of the alleged dog bite and hence there is no legal relationship in question.
"[A]n issue must be one which the party opposing the motion is entitled to litigate under his pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment. (Citations omitted.) Shuster v. Buckley, 5 Conn. App. 473, 477, 500 A.2d 240 (1985). Since the pleadings are silent with respect to any alleged misrepresentation, the plaintiff cannot raise such an issue to combat summary judgment. CT Page 3898
It is also noted that plaintiff claims that representations made by CFP regarding the completion of a new insurance application give rise to triable issues of fact as to whether plaintiff should be entitled to retroactive coverage. As discussed earlier, counts two and three of the revised complaint were stricken by Judge Nigro as to Middlesex. In addition, the CUIPA and CUTPA claims in counts two and three were withdrawn by plaintiff as to CFP. Counts two and three did contain allegations that the agency had made certain misrepresentations about possible coverage for the dog bite incident. However, counts two and three, which sounded in CUIPA and CUTPA, are no longer a part of plaintiff's pleading. As it now appears, plaintiff's revised complaint lacks any allegation that such representations were made.
Therefore, summary judgment is granted in favor of defendants with respect to count one of plaintiff's revised complaint, as well as counts four and five.
So Ordered.
Dated at Stamford, Connecticut this 22nd day of April, 1993.
WILLIAM BURKE LEWIS, JUDGE