17786

Vera O. MOORE, Respondent, v. PALMETTO BANK AND TEXTILE INSURANCE COMPANY, Textile Insurance Company being the, Appellant.

(120 S. E. (2d) 231)

*Messrs. Grier, McDonald, Todd, Burns & Bradford,* of Greenwood *for Appellant,*

*Messrs. Marshall W. Abercrombie* and *David T. Sloan,* of Laurens, *for Respondent.*

May 24, 1961.

Moss, Justice.

Textile Insurance Company, the appellant herein, did, on December 24, 1958, issue and deliver its automobile collision policy, No. FA 1 55 80, to Vera O. Moore, the respondent herein, whose address according to the policy was 104 Cora Street, Laurens, South Carolina, with a mortgagee loss pay-

able clause in favor of the Palmetto Bank of Laurens, South Carolina. The respondent instituted this action to recover under the policy of insurance for damages sustained to her automobile in a collision on April 12, 1959.

The Palmetto Bank of Laurens, South Carolina, was made a party defendant, as the holder of a mortgage over the car, but did not answer or appear in the case. The appellant herein, by way of answer, admitted the issuance of the policy in question but denied liability on the ground that on January 27, 1959, in compliance with a provision of said policy of insurance, with reference to cancellation, that it did duly and properly cancel said policy effective February 7, 1959, and the policy thereafter was of no further force and effect. The complaint and the answer both admit that the automobile of the respondent was demolished in a collision on April 12, 1959. The appellant asserts that the said policy of insurance was not in force and effect at such time and it is not liable to the respondent in any amount whatsoever under the said policy of insurance.

This case came on for trial before the Honorable Robert L. Gray, Judge of the Civil and Domestic Relations Court of Laurens, South Carolina, and a jury, on April 4, 1960. At the conclusion of all the testimony, the appellant moved for a directed verdict in its favor on the ground that the policy of insurance in question was canceled in accordance with the provisions contained therein, with reference to cancellation. This motion was refused and the case was submitted to a jury, and a verdict was rendered against the appellant. Thereafter, the appellant moved for judgment *non obstante veredicto* or in the alternative for a new trial, on the ground that the policy of insurance in question was canceled prior to the loss sustained by the respondent. These motions were refused. This appeal is from the refusal of the trial Judge to grant the motion of the appellant for a directed verdict, judgment *non obstante veredicto,* or the alternative motion for a new trial.

The question for determination in this Court is whether the trial Judge erred in refusing the motion of the appellant for a directed verdict upon the ground that the testimony conclusively showed that the policy of insurance in question was canceled prior to the damage to the insured automobile. Stated another way, the question for determination is whether the collision policy sued upon was in force and effect at the time of the collision in which the car of the respondent was demolished.

The policy provision, with reference to cancellation by the insurer, is as follows:

"* * * This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender of the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing."

"* * * If the company cancels, earned premium shall be computed *pro rata*. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

Policy provisions, giving either the insured or the insurer the right to cancel the insurance contract upon notice to the other, are frequently embodied in liability insurance, collision insurance, fire insurance and other types of insurance policies. Under such provisions, either party has the right, by complying with the terms of the policy, to terminate the contract. The consent of the other party is not necessary to effect a cancellation. The right to cancel a policy can be exercised only in the manner provided in the policy, and the burden of proving a valid cancellation

rests on the party asserting it. *Dill et al. v. Lumbermen's Mut. Ins. Co.,* 213 S. C. 593, 50 S. E. (2d) 923.

■ Where the clause applicable to the insurer's right to cancel the policy provides for the exercise of such right by mailing of notice to the insured's address, or contains substantially similar language, the unanimous rule is that the actual receipt by the insured of such notice is not a condition precedent to a cancellation of the policy by the insurer, and the mere mailing of the letter containing a notice of cancellation is sufficient to effect a cancellation. *Dent v. Monarch Life Ins. Co.,* 231 Mo. App. 283, 98 S. W. (2d) 123; *California-Western States Life Ins. Co. v. Williams,* Tex. Civ. App., 120 S. W. (2d) 844; *Wolonter v. United States Casualty Co.,* 126 Va. 156, 101 S. E. 58; *Ampy v. Metropolitan Casualty Ins. Co. of New York,* 200 Va. 396, 105 S. E. (2d) 839; and *McElmurray v. American Fidelity Fire Ins. Co.,* 236 S. C. 195, 113 S. E. (2d) 528, 532. In the last cited case, it was said:

"* * * Actual delivery was unnecessary in view of the policy provision, 'the mailing of notice as aforesaid shall be sufficient proof of notice,' and the trial court so charged the jury, without objection. 29 Am. Jur. (1960 ed.) Insurance, secs. 3, 5, *et seq.* Annotation, 664 A. L. R. (2d) 982."

■ We should also point out that the policy in question had a provision that "payment or tender of unearned premium is not a condition of cancellation." This policy provision expressly negates the necessity for the return to the insured of the unearned premium in order to effect cancellation of the policy by the insurer. A debtor-creditor relationship arose upon cancellation for the return of the unearned premium. *McElmurray v. American Fidelity Fire Ins. Co., supra,* and *State Farm Mutual Automobile Insurance Company v. Pederson,* 185 Va. 941, 41 S. E. (2d) 64.

Dewey H. Hinkle, a casualty underwriter for the appellant, testified that the policy of insurance in question was

written by the McNinch Insurance Agency of Laurens, South Carolina. After the home office received the daily report, an investigation was made by the appellant and a decision was reached to decline to insure the automobile in question, for the reason that the risk was not acceptable. On January 27, 1959, at High Point, North Carolina, this witness prepared a notice of cancellation, which read, in part, as follows: "Textile Insurance Company hereby elects to cancel its Policy No. FA 15580 such cancellation to become effective February 7, 1959, at 12:01 A. M. Standard Time. Thereafter the Policy will be of no further force or effect." The original cancellation notice was placed in an unsealed envelope and was addressed to "Vera O. Moore, 104 Cora Street, Laurens, South Carolina." The envelope containing the original notice was delivered to Norman Simpson, the mailboy of the appellant, who took it to the Post Office and there obtained a Post Office Department receipt, showing that this letter had been mailed to the insured. This receipt read: "Received from: Textile Insurance Co., High Point, North Carolina, one piece of ordinary mail addressed to Vera O. Moore, 104 Cora Street, Laurens, South Carolina." There was attached to this receipt a 5¢ postage stamp, which postage stamp was cancelled by the Post Office Department at High Point, North Carolina, on January 27, 1959.

Norman Simpson, who was the mailboy for the appellant, testified that he processed, stamped and took the mail to the Post Office for the appellant. He testified that the original cancellation notice addressed to the respondent was placed in an envelope addressed to her and was taken by him to the Post Office at High Point, North Carolina, and delivered to a clerk in the Post Office. He testified that he sealed the envelope when he got to the Post Office and knew that it contained the original notice addressed to the respondent. He took a receipt from the clerk in the Post Office reading as aforesaid and the letter was deposited in the Post Office for transmission to the respondent. The duplicate of the original notice of cancellation was placed in evi-

dence and attached thereto was the printed receipt for the letter addressed to the respondent. This witness testified, as to the mailing, as follows:

"Q. And the original of this duplicate was in there when you mailed it in the postoffice? A. It sure was.

"Q. And you deposited it at the postoffice? A. I sure did. I gave it to the postman and he put it in the mail.

"Q. I think that proves it, Your Honor. Mailing is all I'm trying to prove.

"The Court: I'm going to admit it in evidence. I think it has been properly proved that this was made out by a representative of the company and deposited in the mails. I'm going to admit it."

The respondent testified that she resided at 104 Cora Street, Laurens, South Carolina, and had lived there with her twenty-four year old son for fifteen years prior to the time of the trial of this case. Concerning the receipt of a letter from the appellant, she testified:

"Q. Did you receive any registered letter or any mail whatsoever from Textile Insurance Company? A. No. Not to my knowledge, or knowing anything about the insurance."

She testified also that her son was at the home in the daytime and that there was one mail delivery each day to her home. She admitted that her son could have received mail addressed to her. We should point out that this son was not available as a witness for the reason that he lost his life in the automobile accident on April 12, 1959, when the car in question was demolished.

William R. McNinch, a representative of McNinch Insurance Agency, testified that his agency wrote the policy of insurance in question. He further testified that he received a copy of the notice of cancellation of the policy in question from the appellant.

The trial Judge submitted to the jury for determination the question of whether the appellant deposited the cancellation notice in the Post Office at High Point, North Caro-

lina, addressed to the respondent. He charged the jury, "If you find that this notice was deposited in the Post Office, regardless of whether she received it or not, then the defendant has complied with the terms of the contract and there is no liability on the part of the defendant, except the return of the premiums." He further charged the jury that if they found the cancellation notice was not put in the Post Office for mailing by the defendant, then they would be justified in finding that the policy of insurance was still in full force and effect, and the appellant would be liable for the damages to the automobile.

We think that the testimony of the appellant, uncontradicted and unimpeached, conclusively establishes the fact that the appellant complied with the cancellation provision of the policy of insurance here involved; that the notice of cancellation was duly mailed to the insured from High Point, North Carolina, on January 27, 1959. This mailing was sufficient to comply with the terms of the cancellation provision of the policy and effectively canceled it.

The fact that the respondent denied receiving the cancellation notice was not sufficient to support the finding of the jury that the notice had not been mailed, or to support their rejection of the official Post Office receipt of notice of cancellation addressed to the insured. It was so held in the case of *Cherokee Ins. Co. v. Hardin*, 202 Tenn. 110, 302 S. W. (2d) 817. Here, the mailing of the cancellation notice was supported, not only by the testimony of the mailboy but by an official Post Office receipt, that a letter addressed to the respondent had been received by the Post Office Department for transmission to the respondent.

Since only one reasonable inference can be properly deduced from the evidence, it was a question of law for the Court and not a question of fact for the jury. *National Bank of Honea Path et al. v. Thomas J. Barrett, Jr., & Co.*, 173 S. C. 1, 174 S. E. 581. The trial Judge, in my opinion, committed error in not granting the motion of the appellant for a directed verdict.

It appears from the evidence that the appellant did not give the Palmetto Bank of Laurens, South Carolina, notice of the cancellation of the policy of insurance in question. The policy contract did not require such notice and the failure to give this notice cannot enure to the benefit of the respondent.

In the case of *Queen Insurance Company of America v. Nalley Discount Co.,* 215 Ga. 837, 114 S. E. (2d) 21, 23, it appears that the cancellation clause of the insurance policy and the factual situation was almost identical with the situation here. It was there held that the mailing of the notice of cancellation to the insured, at the address given in the policy, without proof of actual receipt of the notice, was sufficient to effect cancellation of the policy. Nalley Discount Co. held a mortgage on the automobile in question and was not notified of the cancellation. The Georgia Supreme Court held that notice to the mortgage holder was not necessary in order to effect the cancellation of the policy. It said:

"Under the provisions of the policy, notice of cancellation to the Nalley Discount Company or to any other holding a mortgage on the property was not required. The failure of the defendant insurance company to notify Nalley Discount Company did not prevent the cancellation of the policy from becoming effective on the date named in the notice which was prior to the date on which the car was damaged and for which recovery is sought."

We, therefore, conclude that the trial Court was in error in not granting the appellant's motion for a directed verdict.

The judgment of the lower Court is reversed and this case remanded for the entry of judgment in favor of the appellant.

Reversed.

TAYLOR, C. J., and OXNER and LEGGE, JJ., concur.

LEWIS, J., dissents.

LEWIS, J. (dissenting).

I respectfully disagree with the disposition made of this appeal by the majority opinion.

The testimony in this case is undisputed that there was no tender of unearned premiums to the respondent until over two months after the alleged effective date of cancellation and then only after loss to the insured vehicle. Appellant contends that under the *McElmurray case,* cited in the majority opinion, it was only required to mail notice to the respondent and was not required to return the unearned premium as a condition precedent to cancellation. That case so holds under a similar policy provision. The issue here, however, was not involved in the *McElmurray case.* There the unearned premium was promptly returned after mailing of the notice. While a return of the unearned premium is not a condition precedent to cancellation under the present policy provision, the policy provides that, if premium adjustment is not made at the time of cancellation, it will be done "as soon as practicable after cancellation becomes effective." This provision is as much a part of the policy as any other. It means that refund of unearned premiums will be made within a reasonable time after the cancellation becomes effective. When the company claims cancellation under the present policy provisions and fails for an unreasonable length of time to tender a return to the insured of the unearned premiums, the inference may be reasonably drawn that the policy was not in fact canceled; for we cannot assume that the company would deliberately retain in its possession money rightfully belonging to the insured if the policy had in fact been canceled. The company would have a right to explain the delay and relieve itself of the inference. Here the only explanation for the delay in not sooner tendering a refund of the premium is that the agent of appellant was apparently too busy to do so. What length of time would be embraced in the term "as soon as practicable" would depend in a large measure upon the facts of each case. The delay of over two (2) months, without satisfactory explanation, in tendering to respondent the unearned premium was properly considered in determining whether the company could avail itself of the claimed cancellation.

All that a company need do, under the present policy provision, to avoid the inference of non cancellation is to abide by the provision which it wrote into the policy, and promptly refund the unearned premium which it, neither in morals or law, has the slightest right to retain after cancellation. The policy provision, if it means anything, imposes upon the company the duty in good conscience to promptly return the premium after cancellation. It must have intended so to do when the provision was inserted in the policy. It is a part of the cancellation provision.

I would hold that, while tender or return of unearned premium under the present policy provision is not a condition precedent to cancellation, such tender or return of premium must be made within a reasonable length of time after the effective date of cancellation; and that, if such is not done within a reasonable length of time, the company would not be permitted to assert the cancellation of the policy.

The remaining issue relates to alleged error in the charge to the jury. The record fails to show preservation of appellant's right to avail itself of this ground by taking exception thereto at the conclusion of the charge when the jury was excused for that purpose. Section 10-1210, Cumulative Supplement, 1952 Code of Laws of South Carolina. All that the record shows in this connection is that there was a discussion between the Court and Counsel in the absence of the jury concerning exceptions to the charge with no showing of the particulars in which exceptions were made. Since the record does not show that exception was timely made to the charge such ground is deemed waived.

I would affirm the judgment of the lower Court.