## 21138

Liston Billy HOLMES, Respondent, v. BLACK RIVER ELECTRIC COOPERATIVE, INC., Appellant.

(262 S. E. (2d) 875)

254

*Nash, Chappell & Wilson,* and *Weinberg, Warner, Brown & McDougall,* Sumter, *for appellant.*

*Joseph T. McElveen, Jr.,* and *David W. Goldman,* both of *Bryan, Bahmuller, King, Goldman & McElveen,* Sumter, *for respondent.*

February 4, 1980.

Littlejohn, Justice:

The plaintiff-respondent, Holmes, suffered an electrical shock while fishing from a boat, as he attempted to retrieve his lure after the wind blew it over electrical transmission wires maintained by the defendant-appellant, Black River Electric Cooperative, Inc. As a result of the incident, Holmes suffered multiple severe injuries, not limited to but including and necessitating the amputation of his left hand and a part of his arm. The wires in question were strung across Canty Bay, a popular fishing cove at Santee Cooper Lake, at a height above the water estimated at three to five feet for the neutral wire and ten to twelve feet for the phase (live) wire. The line, which carried 7,200 volts of electricity, had been temporarily attached to a pine tree following the break-

ing of a pole, and had remained so attached for at least three years. The neutral wire was attached to the pine tree by using a nylon-type ski rope. The records of the defendant do not indicate when the attachment actually occurred or when the area was last inspected. According to some of the evidence, the wires had been in disrepair for as long as ten years.

Holmes brought this action against Black River in tort to recover for his injuries, alleging negligence, recklessness, and gross negligence on its part in allowing wires transmitting electrical current to be at an unsafe height and to be improperly maintained. Black River answered the complaint, denying the allegations of negligence and recklessness, and setting up the defense of contributory negligence and contributory recklessness.

At the trial Black River's motion for a directed verdict was denied. The jury returned a verdict for Holmes in the amount of $350,000 actual damages, which the trial judge, on a motion for a new trial *nisi*, reduced to $265,000. Holmes agreed to accept the smaller amount. The amount of the verdict is not an issue on this appeal; Black River raises several questions for determination by this court. We affirm the judgment of the lower court.

Black River first contends that it was entitled to a directed verdict, or a judgment notwithstanding the verdict, arguing that as a matter of law (1) Holmes was contributorily negligent, and (2) Black River's actions were not the proximate cause of the injuries. It is conceded, as stated in Black River's reply brief, ". . . that there is sufficient evidence in the record for inferences to be drawn that the Appellant [Black River] could have been negligent."

In considering whether the lower court was correct in denying Black River's motions, this court must view the evidence and all inferences reasonably deducible therefrom in the light most favorable to Holmes. *Woodward v. Todd,* 270 S. C. 82, 240 S. E. (2d) 641 (1978).

The act of leaving highly charged, live, electrical transmission wires in an admitted state of inattention and ill repair within close proximity to a body of water where persons were known to fish regularly, was negligence as a matter of law and evidence of recklessness and wantonness. Independent of the minimum standards established by the National Electrical Safety Code, which were ignored, as a matter of common law, the wires strung as indicated hereinabove over a long period of time amounted to negligence, to the exclusion of other reasonable inferences.

In *Foreman v. Atlantic Land Corp.*, 271 S. C. 130, 245 S. E. (2d) 609 (1978), we noted that the Code was helpful in determining common law negligence in the electrical industry.

The matter of proximate cause must be viewed also in the light most favorable to Holmes. As this court has held: "The touchstone of proximate cause in South Carolina is foreseeability." *Young v. Tide Craft, Inc.*, 270 S. C. 453, 242 S. E. (2d) 671 (1978).

"The law is well settled that in order to establish liability it is not necessary that the person charged with negligence should have contemplated the particular event which occurred. It is sufficient that he should have foreseen that his negligence would probably cause injury to something or someone. . . ." *McQuillen v. Dobbs*, 262 S. C. 386, 204 S. E. (2d) 732, 735 (1974).

The evidence is easily susceptible of the inference that Black River should have foreseen that its negligence in maintaining the power transmission line would probably cause injury to some person. The facts and circumstances give rise to the reasonable inference that the injuries would not have occurred if Black River had maintained its line properly. Accordingly, there was created a question proper for determination by the jury.

On the issue of contributory negligence alleged against Holmes, we think that there was made a question of fact for determination by the jury. He

testified that he was of the opinion that the line was dead and that he never came into direct contact with either of the wires.

We find no error on the part of the judge in denying the motions for directed verdict and for judgment notwithstanding the verdict.

Black River submits that pictures of Holmes' injured and amputated arm should not have been admitted in evidence because they may have aroused the sympathy of the jury to its prejudice. It is argued that the injuries depicted by the photographs were hideous, grotesque, and grossly unfair. The admission or exclusion of evidence at trial is addressed to the sound discretion of the judge. *Grand Strand Construction Co., Inc. v. Graves,* 269 S. C. 594, 239 S. E. (2d) 81 (1977). There is no contention that the pictures do not accurately reflect Holmes and his injuries at the time the photographs were taken. There can be no doubt but that they prejudiced the defendant's case in the sense that they were detrimental, but they showed a condition which Holmes was entitled to either describe to the jury in words or by pictures, or a combination of the two. This demonstrative evidence aided the jury in its evaluation of the injuries and pain suffered. It cannot be said that they were introduced in evidence for the sole purpose of inflaming the minds of the jury; they served the proper purpose of bringing vividly to the jurors the details of tremendous injuries. The pictures were certainly admissible as a matter of discretion by the trial judge, if not as a matter of right. We find no error.

During the course of cross-examination, Holmes temporarily broke down and wept. The court then granted a recess. As the jury was leaving the courtroom, Holmes commented, "I'm sorry, I'm sorry." Black River contends that these remarks were directed toward the jury and that a mistrial should have been granted. We do not agree.

Holmes' remarks were obviously spontaneous and indicated his embarrassment for having displayed emotion from the witness stand. The court properly refused the motion for a mistrial and cautioned the jury to make their determination in the case "based solely upon the evidence which you hear during the course of the trial." The court was not required to give an explicit charge that sympathy was not to be a factor in its determination of the issues either at that point or during the general jury instructions. The curative instruction removed any prejudice which might have occurred to Black River and adequately focused the jury's attention on its duty. The court did not err in failing to grant a mistrial or in not explicitly instructing the jury on sympathy.

Black River next asserts that the trial judge erred in allowing Holmes and certain of his witnesses to testify as to the appearance of the accident scene and the wires. In each instance the court allowed the witness to describe the scene. While one witness testified that he thought the wires were junk, or dead wires, it was only after he had fully described their appearance. The court dealt with a similar issue in the case of *State v. McClinton*, 265 S. C. 171, 217 S. E. (2d) 584 (1975). We quoted 32 C. J. S. *Evidence* § 546(9), with approval, as follows:

"A witness may state his impression or inference with respect to the appearance of a person, animal, object, or place, if he has had adequate opportunity for observation, the details of such appearance cannot be reproduced before the jury to enable them to draw a correct inference, and he states as much as possible of the constituent facts."

Applying this rule, we think that no prejudicial error was committed.

Black River submits that the judge erred in failing to grant a mistrial after plaintiff's expert witness, Mr. Poe, an electrical engineer, testified in response to a hypothetical question that Black River was, in his opinion, negligent. It is also submitted that the hypothetical

question itself was improper. The motion for mistrial was denied, and the jury was given an appropriate admonition that the ultimate question of negligence was for the jury and not for the witness. This witness was called to testify on the negligence issue. His testimony did not relate to proximate cause or to injuries and damages. As indicated hereinabove, we are of the opinion that the evidence submitted by Holmes establishes negligence on the part of Black River to the exclusion of all other reasonable inferences, and this is true with or without the testimony of witness Poe.

"The rule is universal that in its use of high-voltage wires a power company is required to exercise a high degree of care to prevent injury to persons rightfully in proximity to them." *Elliott v. Black River Elec. Co-op.*, 233 S. C. 233, 253, 104 S. E. (2d) 357, 367 (1958).

Black River did not exercise even ordinary care. Accordingly, there is no prejudicial error of which Black River may complain, and the exception is not sustained.

After all of the evidence had been submitted, the court, over Black River's objection, permitted two of Holmes' attorneys to sum up to the jury. This was after counsel for Black River had concluded its closing argument. The judge cited circuit court rule 31 as giving to him a discretion in the matter. The more traditional procedure followed in this state is for one of plaintiff's counsel to open the arguments, followed by arguments for the defendant, and then an additional argument on the part of the plaintiff. While that is perhaps the better procedure to follow, we find nothing in rule 31 which requires it and, accordingly, the exception is overruled.

During the course of the closing arguments, Holmes' counsel made reference to the failure of Black River to call two expert witnesses it had retained to testify at the trial. Black River had offered these witnesses to Holmes, who refused to call them. Under *State v. Hammond*, 270 S. C. 347, 242 S. E. (2d) 411 (1978), failure

to call a witness is proper argument. In the presence of the jury, attention was called to the fact that these two expert witnesses had been offered to counsel for Holmes. Of course, the jury was permitted to draw any inferences warranted. We find no error.

Several other trial errors are alleged as a basis for granting of a new trial. They relate to charges to the jury and cross-examination of Black River's executive vice president. We are of the view that no error of law appears and that no matter of precedent is involved which would warrant a full written opinion on these remaining issues and the same are dismissed under our Rule 23.

Finally, Black River asserts that the combination of the numerous exceptions set out above had the cumulative effect of denying it a fair trial. We disagree. Both parties effectively used the courts for a determination of this controversy. The failure to obtain a satisfactory result does not equal the failure to obtain a fair trial. Accordingly, the judgment of the trial court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.