21194

A. Dale GILLILAND, Respondent, v. J. Ben JONES, Jr., Appellant.
(265 S. E. (2d) 263)

*McIntosh, Threlkeld, Glenn & Sherard,* Anderson, *for appellant.*

*James D. Jefferies,* Greenwood, *for respondent.*

April 14, 1980.

GREGORY, Justice:

Appellant J. Ben Jones, Jr., appeals from a directed verdict in favor of respondent A. Dale Gilliland. We affirm.

Jones, Gilliland and one Broome formed a general partnership for the purpose of constructing and then operating a project known as Clinton Leased Housing. In order to come up with their respective shares of the initial capital investment, Gilliland and Broome were advanced $18,749.97 each from funds of James B. Jones, Jr. Construction Company,

Incorporated, the general contractor for the project. Although Gilliland signed a demand note payable to Jones individually in this amount plus interest, Jones himself testified repeatedly and emphatically that Gilliland's indebtedness was to the corporate entity, the construction company, which advanced the funds.

Q. [By Mr. Jefferies]

All right. And the purpose of that was to receive payment, or get payment for J. Ben Jones Construction Company of the note that each—that everybody had. Broome had one to the company for eighteen thousand plus, and Dale Gilliland had one to the company for eighteen thousand plus, right?

A. [By Mr. Jones]

The two notes were called due, yes, sir.

\* \* \*

Q. [By Mr. Jefferies]

Now, the indebtedness, as I understand, of eighteen thousand dollars that came to twenty with interest and all, was to J. Ben Jones Construction Company, Incorporated.

A. [By Mr. Jones]

Yes, sir.

Q. And it was owed to J. Ben Jones, Incorporated, not to J. Ben Jones, Jr.

A. That's correct.

Some time later, the three partners and one Annese entered into an agreement whereby Gilliland and Broome would sell their joint two-thirds partnership interest to Annese and Jones under a fractional formula making Annese and Jones equal partners in the Clinton Leased Housing project. When the agreement was executed, Annese paid Gilliland $10,000.00 and agreed to pay an additional $20,000.00 for that portion of Gilliland's interest to be conveyed to Annese. Jones paid nothing at the signing, but agreed to pay Gilliland

$10,000.00 for that portion of Gilliland's interest to be conveyed to Jones.

With the passage of time and accrual of interest, Gilliland's indebtedness to the construction company for the initial funding approximated $20,000.00. The debt was called due. A meeting was held at the construction company office with Jones, Annese and Gilliland in attendance. Annese wrote Gilliland a check, payable solely to Gilliland, for $20,000.00. Gilliland in turn endorsed the check to the construction company, and received his note for $18,794.97 plus accrued interest marked fully paid.

Gilliland maintains the check from Annese represented the $20,000.00 balance of the purchase price for that portion of Gilliland's partnership interest to be conveyed to Annese. By endorsing the check to James B. Jones, Jr. Construction Company, Incorporated, Gilliland satisfied his debt to the corporation for the initial funding, as evidenced by the cancelled note. This action in contract is for the collection of the $10,000.00 Gilliland asserts Jones still owes him under the partnership buy-out agreement.

Jones contends Annese's check, endorsed by Gilliland to the corporation, was meant to reduce the twin indebtednesses of Gilliland and Broome to the construction company by $10,000.00 each, and that the remaining balance of approximately $10,000.00 Gilliland still owed was satisfied by Jones' cancellation of his $10,000.00 indebtedness to Gilliland for that portion of Gilliland's partnership interest to be conveyed to Jones.

We are in accord with the rule at common law that mutual debts do not, per se, extinguish each other. 60 Am. Jur. 2d, *Payment,* § 20. However, we recognize that parties reciprocating a debtor-creditor relationship may by agreement or consent cancel mutual indebtedness, one debt in satisfaction of another either in whole or *pro*

*tanto.* 70 C. J. S. *Payment* § 32; *Kilpatrick v. Kilpatrick,* 187 N. C. 520, 122 S. E. 377 (1924).

These principles notwithstanding, here there can be no reciprocal satisfaction of debts because there plainly is no mutuality. Jones is attempting to extinguish his indebtedness to Gilliland by satisfying Gilliland's alleged indebtedness to the corporation. This he cannot do. The lower court properly granted Gilliland's motion for a directed verdict.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

WALTER T. COX, III, Acting Associate Justice, disqualified.