## 21618

J. Ben JONES, Jr., Respondent, v. William R. BROOME, Appellant.

(286 S. E. (2d) 664)

*James D. Jefferies,* Greenwood, *for appellant.*

*Harold P. Threlkeld,* Anderson, *for respondent.*

January 5, 1982.

*Per Curiam:*

The appellant, William Broome, appeals from a directed verdict in favor of the respondent, J. Ben Jones, Jr.

Jones, Broome, and A. Dale Gilliland formed a partnership to construct a housing project, selecting James B. Jones, Jr. Construction Company, Inc., (Jones, Inc.), wholly owned by Jones, as general contractor. To finance his share of the partnership, Broome borrowed $18,749.97 from Jones and executed a demand note. Jones now seeks to recover on the note. The question before the lower court was whether the note was held by Jones personally or by Jones, Inc.[1]

---

[1] The Court addressed a similar and closely related dispute in *Gilliland v. Jones,* 274 S. C. 497, 265 S. E.2d 263 (1980).

At trial, Broome contended the note was held by Jones, Inc.[2] In support of his position, he put into evidence a document showing the disputed obligation was owed to Jones, Inc., asserting the document was a summary of his account wih the corporation. He testified further the loan had always been treated as a debt to the corporation because money due him for services to the corporation had been offset against that debt.

The note, on its face, appeared to be an obligation held by Jones personally. Jones testified he had intended and considered the loan to be from him personally.

The judge directed a verdict finding the note was held by Jones personally.

In ruling on a motion for a directed verdict, the judge views all the evidence and reasonable inferences from the evidence in the light most favorable to the party resisting the motion. *Holmes v. Black River Electric Co-operative, Inc.*, 274 S. C. 252, 262 S. E. (2d) 875 (1980). If, when viewed in that light, the evidence yields more than one inference or if the inferences are in doubt, the judge must deny the motion. Id.

In the present case, the evidence was contradictory on the critical point of the note's ownership. We believe the evidence created a jury question on that issue. Accordingly, the trial judge incorrectly directed a verdict that Jones held the note personally.

Because we find it necessary to reverse and remand on this point, we need not address the appellant's other exception concerning the denial of his motion for a continuance.

We, therefore, reverse the directed verdict, and remand the case for a new trial.

---

[2] The suit originally names as plaintiffs both Jones and Jones, Inc. Jones, Inc. was dismissed before trial.