21929

J. M. EDENS, Jr., Appellant, v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.

(308 S. E. (2d) 670)

*David W. Goldman, Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*M. M. Weinberg, Jr., Weinberg, Brown & McDougall,* Sumter, *for respondent.*

October 19, 1983.

GREGORY, Justice:

Appellant J. M. Edens, Jr. brought this action to recover proceeds allegedly due under a homeowner's insurance policy issued by respondent South Carolina Farm Bureau Mutual Insurance Company. A jury returned a verdict for respondent. Appellant appeals, alleging the trial court erred in refusing to direct a verdict in appellant's favor or grant a judgment n.o.v. We agree and reverse and remand for entry of judgment in favor of appellant.

Appellant had in force for approximately twenty (20) years a policy by respondent. Appellant's home, valued at Seventy Thousand ($70,000) Dollars, and its contents, valued at Thirty Five Thousand ($35,000) Dollars, were completely destroyed by fire. Respondent denied liability alleging it cancelled the policy two months prior to the fire.

Appellant contends the cancellation was ineffective because he never received the notice. We agree.

The notice of cancellation in this case was allegedly sent by *regular* mail, rather than certified or registered, and no return receipt was requested. Appellant denied receiving the notice. The policy did not specify the method for giving notice other than to state that cancellation by respondent could be effected "by giving to the insured a five days' written notice of cancellation."

Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted. *See* cases collected in 11A West's South Carolina Digest, *Insurance* Key No. 146.7(1). The provision for cancellation "by giving to the insured a five days' written notice of cancellation" was clearly ambiguous as to the method of giving notice. This ambiguity should be resolved in favor of the insured and construed to mean some method of notice other than perfunctorily dropping a letter in the regular mail.

Where a cancellation clause provides that the insurer may cancel by mailing the notice to the insured's address or where it contains substantially similar language, the mere mailing is sufficient to effect cancellation. *Moore v. Palmetto Bank*, 238 S. C. 341, 120 S. E. (2d) 231 (1961). Respondent's reliance on *Moore* to defeat recovery under this policy is misplaced.[1] No authority has been cited which holds the terms "mailing written notice" and "giving written notice" are necessarily synonymous or substantially similar.

---

[1] The cancellation clause of the insurance policy in *Moore* read:
This policy may be canceled by the company *by mailing* to the insured named in Item 1 of the declarations at the address shown in this policy *written notice* stating when not less than ten days thereafter such shall be effective. *The mailing of notice as aforesaid shall be sufficient proof of notice.* (Emphasis added) 238 S. C. at 344, 120 S. E. (2d) 231.

The term "giving written notice" means that the insured shall personally receive the notice in such manner that the insured becomes aware of having received it. "The provision involves a physical delivery to the insured of a document of which he becomes personally aware. This cannot be accomplished by depositing a document in the mail which he may or may not receive." *Selken v. Northland Insurance Company*, 249 Iowa 1046, 90 N. W. (2d) 29 (1958).

Moreover, courts universally have held that where a policy provides for cancellation by giving notice to the insured of a specified number of days, actual receipt of cancellation by the insured is a precondition to cancellation. Annot., 64 A. L. R. (2d) 982 (1959). The policy we are dealing with calls for the giving of notice; thus, actual receipt is a condition precedent to a cancellation of the policy by the insurer.

Cancellation of an insurance policy is an affirmative defense which must be proved by a preponderance of the evidence. We are of the opinion respondent failed, as a matter of law, to offer proof of any probative value that appellant received the alleged notice of cancellation. Therefore, we hold the trial judge erred in failing to direct a verdict for appellant.

Because our disposition of this issue, we need not address appellant's remaining exceptions.

Accordingly, we reverse and remand for entry of judgment in favor of appellant.

Reversed and remanded.

LEWIS, C. J., and NESS, J., concur.

LITTLEJOHN and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

The evidence in the case at bar was ample to submit to the jury the issue of whether the insured received the cancellation notice. In ruling on a motion for a directed verdict, the judge views all the evidence and reasonable inferences from the evidence in the light most favorable to the party resisting the motion. *Jones v. Broome*, 277 S. C. 295, 286 S. E. (2d) 664 (1982).

Respondent's agents testified at trial that on August 13,

1974 a cancellation notice and a refund check for the unearned premium were sent to appellant by its normal cancellation procedure. That procedure included entering appellant's name and address in respondent's mailing book, taking appellant's cancellation notice and refund check to the post office, paying the postage, giving the envelope to the post office, and receiving a post office receipt for the envelope. Respondent's mailing book contained appellant's correct address.

Although appellant testified he never received the cancellation notice or check and respondent's records reflect that the refund check has not cleared the bank, two mortgage holders on the premises received notices of cancellation. Agents of the Federal Land Bank and the National Bank of South Carolina testified that they received the cancellation notices.

The trial court adequately charged the law of this state to the jury. The trial court presented the issue as two equally weighted questions for the jury: (1) whether the insured mailed the notice properly addressed with postage prepaid, and (2) whether the insurer received the notice. The jury charge correctly stated the law as espoused in *Glenn v. Western Union Telegraph Co.*, 84 S. C. 155, 163, 65 S. E. 1024, 1027 (1909). This Court stated in that decision:

> Evidence that (it was) mailed, properly addressed with postage prepaid, raises a presumption that (it was) received by the addressees, but when receipt of (it) is denied, it raises as strong a presumption that (it was) never mailed, and *it was for the jury to say whether they were or not.* (Emphasis added.)

The jury in the case at bar found that appellant had received the cancellation notice. Moreover, our law does not require an insurer to prove the insured received a cancellation notice; it merely requires the insurer to prove it properly mailed the notice to the insured's address. The policy in question provides that it may be cancelled by giving the insured a five days' written notice. This court has held that where a cancellation clause provides that the insurer may cancel by mailing the notice to the insured's address or where the clause contains substantially similar language, the mere mailing is sufficient to effect a cancellation. The actual re-

ceipt is not a condition precedent to cancellation. *Moore v. Palmetto Bank*, 238 S. C. 341, 120 S. E. (2d) 231 (1961).

Admittedly, respondent could have alleviated the problem by sending the notice by registered or certified mail. However, our legislature does not require fire insurers to use any particular medium for notifying insureds that their policies have been cancelled.[1] The policy of construing ambiguities in favor of the insured does not allow us to legislate.

Accordingly, I would affirm.

LITTLEJOHN, J., concurs.

---

[1] Our legislature has addressed cancellation of accident and health insurance (S. C. Code Ann.§ 38-35-110 (1976)) and automobile insurance (Code § 38-37-1450). In neither area does our legislature require the use of registered or certified mail. Written notice mailed to the insured's last known address is sufficient.