THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles W. Penland, d/b/a Woodruff Auto Sales, Appellant,
 v.
 State Farm Fire and Casualty Company, Leonard Hinton, Jr., and Tamara J. Hinton, Defendants,
 of whom  State Farm Fire and Casualty Company is the Respondent.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2007-UP-355
Heard June 6, 2007  Filed July 17, 2007    
AFFIRMED

 
 
 
 William S.F. Freeman, of Greenville, for Appellant.
 John Kevin Owens, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Charles W. Penland, d/b/a Woodruff Auto Sales, (Woodruff) appeals from a jury determination that State Farm Fire and Casualty Company had provided it with notice of cancellation of insurance on a vehicle in which Woodruff was the lienholder.  Penland argues the trial court erred in refusing to instruct the jury that State Farm had the burden of proving Woodruff had actually received notice of the cancellation.  We affirm. 
 
FACTUAL/PROCEDURAL BACKGROUND
Leonard Hinton, Jr. and Tamara J. Hinton purchased a Ford Mustang and received financing from Woodruff.  The installment sale contract required the Hintons to maintain insurance on the vehicle.  Leonard Hinton obtained the required insurance from State Farm.  The insurance policys declaration page provided the vehicle was financed through Woodruff. 
 
State Farm cancelled the policy effective February 11, 2001.  Although State Farm employees testified records indicated a computer generated notice of cancellation was sent to Woodruff, the employee for Woodruff responsible for insurance cancellations testified that she never received the notice.  After the vehicle was involved in an accident on April 25, 2001, State Farm denied coverage. 
 
Woodruff brought this action seeking coverage for the vehicle.  During the jury trial, Woodruff requested the court issue the following charge:

 State Farm must prove to you Woodruff Auto actually received State Farms notice of the cancellation of the Hintons insurance policy.  It is not enough that State Farm testifies it mailed the cancellation noticeState Farm must prove to you the cancellation notice was actually received by Woodruff Auto.  
 
 If State Farm fails to prove to you (by a preponderance of the evidence) that the cancellation notice was actually received by Woodruff Auto, you must enter a verdict for Woodruff Auto.  
 

The trial court denied Woodruffs requested charge.  The jury found State Farm did mail a notice of cancellation to Woodruff.  Thus, the cancellation was effective and there was no coverage for the vehicle at the time of the loss.  Woodruff appealed.  
 
DISCUSSION
Woodruff argues the trial court erred in refusing to charge the jury that State Farm had to prove the cancellation notice was actually received by Woodruff.  We disagree.  
 
An appellate court will not reverse the trial courts decision regarding jury charges absent an abuse of discretion.  Clark v. Cantrell, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).  An abuse of discretion occurs when the trial courts ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.  Id.  The trial court is required to charge only the current and correct law of South Carolina.  Frazier v. Badger, 361 S.C. 94, 101, 603 S.E.2d 587, 590 (2004).  The law to be charged to the jury is determined by the evidence at trial.  In reviewing jury charges for error, appellate courts must consider the charge as a whole in light of the evidence and issues presented at trial.  Id.
The right to cancel a policy can be exercised only in the manner provided in the policy, and the burden of proving a valid cancellation rests on the party asserting it.  Moore v. Palmetto Bank, 238 S.C. 341, 344-45, 120 S.E.2d 231, 233 (1961).  In Moore, the court held: 
 

 Where the clause applicable to the insurers right to cancel the policy provides for the exercise of such right by mailing of notice to the insureds address, or contains substantially similar language, the unanimous rule is that the actual receipt by the insured of such notice is not a condition precedent to a cancellation of the policy by the insurer, and the mere mailing of the letter containing a notice of cancellation is sufficient to effect a cancellation.

Id. at 345, 120 S.E.2d at 233.
In asserting proof of mailing alone was insufficient to effect a valid cancellation in this case, Woodruff relies on Edens v. S.C. Farm Bureau Mutual Ins. Co., 279 S.C. 377, 308 S.E.2d 670 (1983).  In Edens, the insurer allegedly sent the notice of cancellation by regular mail, rather than certified or registered, and no return receipt was requested.  The insured claimed that he never received notice of cancellation.  The policy did not specify the method for giving notice other than to state that cancellation by respondent could be effected by giving to the insured a five days written notice of cancellation.  The court found giving written notice meant that the insured shall personally receive the notice in such manner that the insured becomes aware of having received it.  Thus, the court held actual receipt was a condition precedent to a cancellation of the policy by the insurer.  Id. at 380, 308 S.E.2d at 671.  
 
The difference between Moore and Edens lies simply in the language used in the policies.  We must therefore look to the language of the State Farm policy to determine whether the policy provided for the mailing of notice to the creditor to be sufficient to effect cancellation.
Insurance policies are subject to the general rules of contract construction.  Century Indem. Co. v. Golden Hills Builders, Inc., 348 S.C. 559, 565, 561 S.E.2d 355, 358 (2002).  The court must give policy language its plain, ordinary, and popular meaning.  Id.  The court must read an insurance contract as a whole document so that one may not create an ambiguity by pointing out a single sentence or clause.  Schulmeyer v. State Farm Fire Cas. Co., 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003).  The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract.  Id.
In the present case, page 6 of the policy contains a section entitled Financed Vehicles.  This section explains to whom the insurer may pay any loss.  In addition, the section provides:  The coverage for the creditors interest is only valid until we terminate it.  . . .  The date of termination of the creditors interest will be at least 10 days after the date we mail or electronically transmit the termination notice.  In a subsection of the Conditions section entitled Cancellation, found on page 34 of the policy, are the methods for cancelling the policy.  It discusses the methods for the insured to cancel.  It also provides the methods for the insured to issue the notice of cancellation:  We may cancel your policy by written notice, mailed or delivered to your last known address.  The notice shall give the date cancellation is effective. . . .  In a separate paragraph, the policy provides:  The mailing of notice shall be sufficient proof of notice.  
 
The section of the policy that specifically deals with cancellation provides for mailing as proof of notice.  While other portions of this section seem directed more toward the insured, there is no language in the notice provision limiting its applicability to the insured and not to the creditor.  The notice provision does not conflict with any provision in the section involving financed vehicles.  Rather, the Financed Vehicles section provides the date of termination counts from the date State Farm mail[s] or electronically transmit[s] the termination notice.  Thus, this section contemplates notice would be sent by mail or electronic means and counts from the date this notice is sent and not received by the creditor.  There is no language in the policy such as that in Edens providing for cancellation only by giving written notice.  Reading the policy as a whole, we find it provides for the mailing of notice to be sufficient proof of notice for both the insured and the creditor of a financed vehicle.  State Farm did not have to prove actual receipt as a condition precedent to cancellation.  Accordingly, the trial court did not err in the denying Woodruffs requested charge.  
 
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ. concur.